IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

KATHERINE ELIZABETH RUTH AYERS,    )
                                   )
        Debtor/Appellant,          )
                                   )
v.                                 )        Civil Action No. 7:20-cv-00639
                                   )
UNITED STATES DEPARTMENT OF        )        By: Elizabeth K. Dillon
DEFENSE and UNITED STATES          )            United States District Judge
DEPARTMENT OF TREASURY,            )
                                   )
        Appellees.                 )

**MEMORANDUM OPINION**

This case is before the court on appellant Katherine Elizabeth Ruth Ayers's motion for an extension of time to file her appellate brief.  (Dkt. No. 9.)  For the reasons stated below, the court will grant Ayers an extension.

I.  BACKGROUND

On September 12, 2017, appellant Katherine Elizabeth Ruth Ayers filed a four-count adversary complaint in bankruptcy court.  *Ayers v. United States Dep't of Def.*, No. 7:18-cv-00032, 2019 WL 4145240, at \*2 (W.D. Va. Aug. 30, 2019).  The government moved to dismiss the complaint, and Ayers moved for leave to amend the complaint, seeking to add an additional count (count five).  *Id.* at \*3.  On January 8, 2018, the bankruptcy court "denied the government's motion to dismiss for lack of subject matter jurisdiction as to counts one and two; granted the motion to dismiss counts one and two as barred by the statute of limitations; granted the motion to dismiss count three; denied the motion to dismiss count four; denied Ayers's motion to amend her complaint; and ordered that Ayers would have 21 days to file an amended

complaint as to count four." *Id.* at *3 n.5.  Ayers then filed a timely notice of appeal to the district court.  *Id.*

On August 30, 2019, this court affirmed the bankruptcy court's decision as to counts one, two, and the proposed amended complaint (count five), and held that the court did not have jurisdiction to review the dismissal of count three.  *Id.*  Ayers then appealed to the Fourth Circuit.

On September 2, 2020, the Fourth Circuit dismissed the appeal for lack of jurisdiction. *Ayers v. United States Dep't of Def.*, 819 F. App'x 180, 181 (4th Cir. 2020).  The circuit court found, "[c]ontrary to the district court's conclusion, [] that the bankruptcy court's order is not a final, appealable order" because the bankruptcy court allowed Ayers to file an amended complaint as to count four.  *Id.*  Therefore, "[t]he bankruptcy court may find, after Ayers files an amended complaint, that she meets the standard . . . [and] her appeal as to the dismissal of the other counts will be moot."  *Id.*

On September 10, 2020, the bankruptcy court ordered that counsel for Ayers file an amended complaint as to count four within 21 days.  (Dkt. No. 2 at 51.)  On October 6, 2020, the bankruptcy court filed a show cause order for Ayers's failure to respond.  (*Id.* at 56.)  On October 16, 2020, Ayers filed a response explaining that her counsel did not receive the September 10th order or the October 6th order because of an inactive email address.  "[C]ounsel for Plaintiff took emeritus status with the Virginia Bar and retired from the fulltime practice of law . . . [but] continued in his emeritus status to represent Plaintiff during her appeal."  (*Id.* at 57.)  After counsel's retirement, his email address filed with the clerk of the bankruptcy court became inactive, and "[t]hrough an oversight of counsel, the Clerk was not provided a new, active email address for counsel."  (*Id.*)  On October 19, 2020, the bankruptcy court held a hearing on the show cause order.  (*Id.* at 60.)  "At the hearing, Plaintiff advised she was not

pursuing Count Four of the Complaint," and, therefore, the bankruptcy court dismissed count four and the entire adversary proceeding.  (*Id.* at 61.)

On October 29, 2020, Ayers filed another appeal.  (*Id.* at 62.)  She now appeals the bankruptcy court's January 8, 2018 order dismissing count 3 and denying her motion to amend the complaint to add count five.  (*Id.*)  She also appeals the bankruptcy court's October 20, 2020 order dismissing the adversary procedure.  (*Id.*)

On December 15, 2020,[1] the designation of record on appeal was filed with this court. (Dkt. Nos. 2–7.)  Therefore, Ayers's brief was due by January 14, 2021, but she failed to make any filing until April 20, 2021, when she filed a motion for extension of time to file.  (Dkt. Nos. 8, 9.)  In her brief on the matter, Ayers argues that there is good cause to grant her an extension because: (1) the appeal involves complex issues; (2) the "sudden exit" of her former counsel and "unforeseen internal legal agency issues" led the delay in her filing; and (3) her new counsel, Ms. Violet Cox, "required additional time to become formally admitted to the bar of the United States District Court for the Western District of Virginia."  (Dkt. No. 9 at 1-2.)  The Department of Defense objects to the motion for an extension.  (*Id.*)

The court held a hearing on the motion, at which counsel for Ayers provided a more complete explanation for the delay than that offered in her brief.  (Dkt. No. 12.)  Ayers is represented by Southwest Virginia Legal Aid.  Initially, attorney Mark Lewis, formerly associated with Southwest Virginia Legal Aid[2], served as lead counsel on this case.  On October 22, 2020, Mr. Lewis filed a motion substituting attorney Violet Cox, staff counsel with Southwest Virginia Legal Aid, as lead counsel for Ayers.  (Dkt. No. 15 at 3–4.)  Mr. Lewis

---

[1] Dkt. No. 8 says that the designation was filed on October 30, 2020, but the docket itself shows that the designation of record on appeal was filed on December 15, 2020 (Dkt. Nos. 2–7).

[2] Mr. Lewis was not a staff attorney with Southwest Virginia Legal Aid, but, rather, he was in emeritus status doing pro bono work for the agency.  (Dkt. No. 15 at 14.)

substituted in Ms. Cox because he was unable to access his own PACER and NextGen accounts and he wished to use Ms. Cox's accounts to receive emails about the status of the case.  (*Id.* at 4.)  Ms. Cox was under the impression that Mr. Lewis was simply adding her as counsel, but that he would remain lead counsel on the case.  (*Id.*)  Mr. Lewis then used Ms. Cox's PACER account to file the appeal, the appellate statement of issues, and the designation of record.  Ms. Cox was unaware of these filings.  (*Id.*)  When this court sent out a briefing schedule, Southwest Virginia Legal Aid assumed that Mr. Lewis was handling the matter.  (*Id.* at 5.)

Southwest Virginia Legal Aid reports that Mr. Lewis abruptly abandoned his responsibilities with the organization earlier this year.  According to Kimberly Bolinskey, a senior staff attorney with Southwest Virginia Legal Aid, Mr. Lewis "came in on a weekend towards the end of March [2021], set [] file boxes off when nobody was there, and left [] essentially a 'Dear John' letter that says, Sorry, not doing this."  (*Id.*)  After Mr. Lewis's unexpected departure, Ms. Bolinskey became involved in the case and "realized [after] checking PACER and the documents filed, that not only was Ms. Cox not admitted to this Court . . . but that Mr. Lewis ha[d] not filed anything," including the overdue brief for Ayers's appeal.  (*Id.*)  Ms. Bolinskey explains that "Ms. Cox is a new attorney" and, "through her own trusting nature, she trusted Mr. Lewis to do what he told her" and just use her PACER account to file the necessary documents in this case.  (*Id.*)  Further, due to COVID-19, the Legal Aid office "has been running [] a skeleton staff" and "none of the senior attorneys were aware that Mr. Lewis had filed this appeal."  (*Id.* at 7.)

After Ms. Bolinskey became aware of the briefing schedule in this case, she sought to have Ms. Cox admitted to this court so that Ms. Cox could file the initial brief.  (*Id.*)  At the same time, Ms. Bolinskey sought admission to the bankruptcy court "just to make sure all I's were

dotted and T's were crossed."  (*Id.* at 7–8.)  Southwest Virginia Legal Aid apologizes to the court

for this situation and asks the court for an additional 30 days to file the initial brief on behalf of

Ayers.  (*Id.* at 8.)

The government opposes the motion for an extension.  (*Id.* at 10.)  The government

contends that Mr. Lewis's departure from this case was not sudden; the government had

difficulty reaching Mr. Lewis as early as October 2019 due, in part, to his retirement.  (*Id.*)

Further, the government argues that the case is already very old, the plaintiff is unlikely to

succeed on the merits, and "[t]he bankruptcy court, this Court, [and] the Fourth Circuit have all

ruled that the case is barred by the statute of limitations."[3]  (*Id.* at 11.)

## II.  DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 8018, "[t]he appellant must serve and

file a brief within 30 days after the docketing of notice that the record has been transmitted or is

available electronically."  "If an appellant fails to file a brief on time . . . an appellee may move

to dismiss the appeal--or the district court or [Bankruptcy Appeal Panel], after notice, may

dismiss the appeal on its own motion."  Fed. R. Bankr. P. 8018(a)(4).  "Under Rule 8018(a)(4),

the court has the discretion to dismiss an appeal if an appellant fails to file a brief on time."

*Meral, Inc. v. Xinergy Ltd.*, No. 7:16CV00059, 2016 WL 3661589, at *1 (W.D. Va. July 1,

2016).  "In exercising its discretion, the court must:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice and an
> opportunity to explain the delay; (3) consider whether the delay had any possible
> prejudicial effect on the other parties; or (4) indicate that it considered the impact
> of the sanction and available alternatives."  *Id.* (quoting *In re Serra Builders, Inc.*,
> 970 F.2d 1309, 1311 (4th Cir. 1992)).

---

[3] The government noted that although Ms. Ayers is unlikely to succeed on the merits in this case, the government is willing to assist Ayers in pursuing an administrative procedure for reconsideration of her debt.  (Dkt. No. 15 at 13.)

"In applying this test, the court must . . . 'bear in mind that, although dismissal is an option, less drastic alternatives must be considered,' because dismissal 'is a harsh sanction which . . . must not [be] impose[d] lightly.'"  *Id.* (quoting *In re SPR Corp.*, 45 F.3d 70, 73-74 (4th Cir. 1995) (quoting *Serra*, 970 F.2d at 1311)).

> In addition, "Fed. R. Bankr. P. 9006(b)(1) provides in pertinent part:
>
> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  *Haver v. Jahanian*, No. 1:11-CV-723, 2011 WL 5196506, at *2 (E.D. Va. Oct. 31, 2011), *aff'd sub nom. In re Jahanian*, 479 F. App'x 451 (4th Cir. 2012).

"Rule 9006(b)(1) usually comes into play after a party has moved for an enlargement of time to make a filing in bankruptcy court."  *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995).  "If the motion is made after the deadline has passed, Rule 9006(b)(1) makes excusable neglect a prerequisite for an enlargement of time."  *Id.*  "The Supreme Court has set out a two-step process for determining whether 'excusable neglect' exists under Rule 9006(b)(1)."  *Id.* (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)).  "First, the delay in filing must be due to 'neglect,' which the Court defines to include 'inadvertence, mistake, or carelessness.'"  *Id.*  "Second, the neglect must be 'excusable.'"  *Id.*  "The excusability determination 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Id.*  These circumstances include:

> [1] the danger of prejudice to the debtor [or non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.  *Id.* (quoting *Pioneer*, 507 U.S. at 395).

The Fourth Circuit's "*Serra* test (for applying Rule 8001(a)[4]) and the Supreme Court's *Pioneer*

test (for applying Rule 9006(b)(1)) both provide for the consideration of similar factors." *Id.*

"However, the *Serra* test, read literally, requires a court to take only one (specifically, 'at least

one') of several listed steps, while the *Pioneer* test requires it to balance all relevant factors." *Id.*

Thus, the standards are different.  The Fourth Circuit has concluded that "the *Serra* test, provides

the proper framework to analyze an untimely, non-jurisdictional filing in bankruptcy appeals."

*In re SPR Corp.*, 45 F.3d at 74.  In addition, the Fourth Circuit has explained that "although the

*Serra Builders* test literally only required the district court to take one of the four steps, 'a proper

application of its test will normally require a district court to consider and balance all relevant

factors.'"  *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997).  Moreover, "the second step, giving

the appellant notice and an opportunity to explain the delay, does not by itself suffice to dismiss

an appeal." *Id.*

        In *Haver*, appellants filed a motion for an extension of time to file their brief after the

time to file the brief had expired.  No. 1:11-CV-723, 2011 WL 5196506, at *2.  The court

concluded that appellants did not demonstrate "excusable neglect" for their untimely filing

because appellants failed to argue excusable neglect.  *Id.* at *3.  Appellants argued "that

excusable neglect was not the appropriate standard to apply here but that, instead, the Court

should employ the standard set out in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992)."

*Id.*  However, the court concluded that even under the *Serra Builders* factors dismissal of the

case was justified because: (1) "Appellants' counsel's repeated, unjustified refusals to comply

---

[4] Federal Rule of Bankruptcy Procedure 8001(a) used to state, "Failure of an appellant to take any step
other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such
action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the
appeal."  The Rule now states, "These Part VIII rules govern the procedure in a United States district court and a
bankruptcy appellate panel on appeal from a judgment, order, or decree of a bankruptcy court. They also govern
certain procedures on appeal to a United States court of appeals under 28 U.S.C. § 158(d)."  Regardless of the
change in the rule, the *Serra* test still applies to discretionary dismissal for untimely, non-jurisdictional filing in
bankruptcy appeals.

with court ordered procedures and filing deadlines . . . demonstrate negligence"; (2) "Appellants were given an opportunity to explain the delay but failed to provide any satisfactory explanation"; (3) "Appellees have been prejudiced by the unnecessary delay in the resolution of its bankruptcy proceedings"; and (4) "The Court [] considered possible alternatives but conclude[d] that none [we]re appropriate [], particularly since the Court [] reviewed Appellants' stricken brief on the merits of their appeal and conclude[d] that the Bankruptcy Court did not commit reversible error."  *Id.* at *4.

Here, dismissal under the *Serra* factors is not appropriate.  Ayers's failure to request an extension of time to file her brief until April 20, 2021, over three months after the brief was due would ordinarily be negligent.  However, Southwest Virginia Legal Aid has described an extraordinary circumstance in which Mr. Lewis made Ms. Cox lead counsel on this case without informing her that he was doing so and then abruptly left the organization without transferring the case to a new attorney or adhering to the briefing schedule.  This unusual circumstance does not indicate bad faith or negligence on the part of Ms. Cox.  Second, Ayers's explanation for the delay provides a compelling reason to grant the extension.  Third, although the government has objected to the extension and kindly offered an alternative administrative resolution to the dispute, it is not clear that the government is prejudiced by the delay.  Finally, dismissal is a harsh sanction, and the court is not aware of any lesser sanctions that are available.  Taking these factors together and given the extraordinary circumstances described by Southwest Virginia Legal Aid, the court will not dismiss this case for failure to adhere to the briefing schedule. Instead, the court will grant Ayers's motion for an extension and provide Ayers with 30 days from the issuance of this opinion to file her brief.

III.  CONCLUSION

For the reasons stated above the court will grant Ayers's motion for an extension of time to file (Dkt. No. 9).  An appropriate order will be entered.

Entered: August 17, 2021

/s/ Elizabeth K. Dillon

United States District Judge